IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

Vs.                                No. 06-40079-02-SAC

HECTOR JAUREGUI,

    Defendant.

MEMORANDUM AND ORDER

This case is before the court on the defendant's motion to amend the judgment in this case so that the judgment would have the court "ordering," rather than just recommending, that "the defendant be given credit for time served since June 19, 2007, and designation to Taft FCI, if eligible." (Dk. 288). The court will not amend the judgment, but it enters the following as its explanation for that wording.

"A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences---(1) as a result of the offense for which the sentence was imposed." 18 U.S.C. § 3585(b)(1). Jurisdiction to award credit under § 3585(b) resides not with the sentencing court but "with the

Attorney General, as exercised by the federal Bureau of Prisons." *United States v. Brown*, 212 Fed. Appx. 747, 755 (10th Cir. 2007) (citing *United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994)). The Supreme Court has held that § 3585(b) does not authorize a district court to compute a sentence credit at sentencing for time served in pretrial detention. *United States v. Wilson*, 503 U.S. 329, 331-32 (1992). Under *Wilson*, "only the Attorney General through the Bureau of Prisons has the power to grant sentence credit in the first instance." *United States v. Jenkins*, 38 F.3d at 1144. This calculation of sentence credit occurs when the Bureau of Prisons imprisons a defendant. *See United States v. Wilson*, 503 U.S. at 334-35.

The court's wording in the judgment reflects that the defendant's right to credit for time served is established by statute and that the court was recommending a date in deference to the Bureau's authority to make this determination in the first instance. Should the defendant be dissatisfied with the Bureau's determination, the defendant may seek judicial review only after exhausting administrative remedies. *See United States v. Wilson*, 503 U.S. at 335 ("Federal regulations have afforded prisoners administrative review of the computation of their credits, and

prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies." (citations omitted)); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam) (analyzing exhaustion requirement under statutory predecessor of § 3585(b)). "These are 'well-established procedures,' which Congress did not intend to change when it replaced § 3568 with § 3585(b)." *Nguyen v. Booker*, 156 F.3d 1244, 1998 WL 568285 (10th Cir. 1998) (Table) (quoting *Wilson*, 503 U.S. at 336). The Bureau's Administrative Remedy Program is set forth at 28 C.F.R. §§ 542.10 to 542.19. *Reed v. United States*, 262 Fed. Appx. 114, 116, 2008 WL 228027 at *2 (10th Cir. 2008).

IT IS THEREFORE ORDERED that the defendant's motion to amend order (Dk. 288) is denied, as the court's judgment recognizes the defendant's statutory right to credit for time served and defers to the Bureau to make that calculation in the first instance.

Dated this 21st day of December, 2010, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge